## WESTERN UNION TELEGRAPH CO. v. ERWIN.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 24, 1914.)

1. APPEAL AND ERROR (§ 1195*)—REMAND—DETERMINATION ON APPEAL—LAW OF CASE ON RETRIAL.

A ruling on evidence on appeal is the law of the case on retrial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. TELEGRAPHS AND TELEPHONES (§ 65*)—MESSAGES—DELAY—DAMAGES—PLEADING.

Where, in an action for negligent delay in delivering a message asking the addressee to meet plaintiff's wife at her destination, where she expected to arrive in the night, and where there were insufficient hotel accommodations, plaintiff alleged that defendant's sending agent was notified of the necessity for immediate delivery, and that, unless the telegram was immediately delivered, his wife would not go, because she could not be properly cared for at destination, unless she was met by her relatives and taken to their home, the allegation was sufficient to show that defendant's agent was notified of the insufficient hotel accommodations at the destination, so as to entitle plaintiff to prove the same as an element of damage for failure to promptly deliver the message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

3. TRIAL (§ 191*)—MESSAGES—FAILURE TO DELIVER—INSTRUCTIONS.

Where plaintiff sued for negligent delay in delivering a telegram notifying the addressee to meet plaintiff's wife, who intended to arrive at the destination of the telegram on the night of the day it was sent, an instruction that, if plaintiff delivered the message to defendant, and was informed by defendant that the telegram had been delivered, and plaintiff, acting on such representations, sent his wife on her journey, and on arrival there she sustained damages, if any, by reason of the failure to deliver the message, if any, then the jury should find for plaintiff such damages as were the proximate result of defendant's default, etc., was not objectionable in assuming that defendant was guilty of negligence, if its sending agent falsely informed plaintiff, before his wife started, that the message had been delivered, and authorizing a recovery, though defendant had used due diligence to deliver the message.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

4. TRIAL (§ 256*)—INSTRUCTIONS—NECESSITY OF REQUEST—MEASURE OF DAMAGES.

In an action for negligence in failing to deliver a telegram, an instruction that, if the verdict was for plaintiff, the jury should allow such damages, if any, as were the proximate result of defendant's failure to deliver the telegram as alleged was proper and sufficient, in the absence of a request for a more specific instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by H. A. Erwin against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, for appellant. Scarborough & Hickman, of Abilene, for appellee.

DUNKLIN, J. H. A. Erwin recovered a judgment against the Western Union Telegraph Company, for damages for failure to deliver a telegram, and the defendant has appealed.

This is the second appeal, a former appeal from a like judgment being reported in 147 S. W. 607. Plaintiff, who resided at Abilene, desired to send his wife to the home of her parents in the country some two or three miles distant from the town of Dundee. Mrs. Erwin was sick, and the purpose of her trip was that she could have the care of her mother during her illness. Her sister, Hattie Medlin, was attending school at the town of Dundee, and the plaintiff instructed the agent at Abilene to have the message delivered to Hattie Medlin, who could be found at school up to 4 o'clock in the afternoon. According to allegations in the plaintiff's petition, which were supported by his testimony, he informed defendant's agent at Abilene, who received the message for transmission, of the facts above related. The telegram in question read as follows: "1.11.10. Abilene, Texas. To Hattie Medlin, J. A. Medlin. Meet me on the midnight train. Ola." "Ola" was the wife of plaintiff, Hattie Medlin was her sister, and J. A. Medlin was her father.

According to further allegations and evidence, plaintiff notified the agent at Abilene that he would not send his wife upon the trip, unless he could be sure that some one of her family would meet her at Dundee; that the hotel accommodations at Dundee were inadequate; that later in the afternoon of the same day the telegram was sent, he returned to defendant's office at Abilene, inquired of the agent whether or not the telegram had been delivered, and was informed by the agent that it had been delivered. With this assurance he sent his wife upon the train to Dundee, at which station she arrived about 1 o'clock at night. The telegram had never been delivered to Hattie Medlin, but had been deposited in the post office for J. A. Medlin, who did not receive it until after that night. When Mrs. Erwin arrived at Dundee, there was no one at the station to meet her, in fact, no one there at all, and she was compelled to walk quite a distance to the hotel, where she remained until the following morning.

According to her testimony, the night was cold, and she was very much frightened at being compelled to walk from the station to the hotel unattended and with a baby in arms only a few weeks old, both she and the baby being ill at the time. She further testified that the accommodations at the hotel were poor, and that the room in which she spent the remainder of the night was disagreeably cold; by reason of all which facts her illness was accentuated. It was alleged in the petition that all of these facts were known to appellant's agent at the time the telegram was sent, and at the time of the assurances given by him to plaintiff that the telegram had been delivered, which was before Mrs. Erwin started on her trip.

[1] By the first assignment appellant insists that the court erred in admitting plaintiff's testimony that Chester Brewer, appellant's agent at Abilene, assured plaintiff before Mrs. Erwin started on the trip that the telegram had been delivered. The ground of the objection to this testimony was that there was no evidence to show that Chester Brewer had authority to bind the appellant by a statement concerning a transaction of another agent at Dundee, further than the mere fact that he was appellant's agent at Abilene. The same contention was made upon the former appeal, and was decided adversely to appellant, and that decision is the law of the case.

[2] It is further insisted that the plaintiff's petition contained no allegation that defendant had any notice of any facts or circumstances to put it upon notice that plaintiff's wife would not be properly cared for at the hotel in Dundee, and hence that any inconvenience or injury sustained by Mrs. Erwin by reason of inadequate accommodations at the hotel was not within the contemplation of the parties at the time the message was sent. A sufficient answer to this assignment is the fact that the lack of sufficient hotel accommodations was specially alleged in plaintiff's petition among other facts, and the petition contained the direct and positive allegation that all of the facts therein alleged were known to appellant's agent at Abilene at the time the message was sent.

[3] Error has been assigned to the following instruction given by the court to the jury: "You are charged that, if you find and believe from a preponderance of the testimony that plaintiff delivered the telegram to defendant as alleged in his petition, and was informed by defendant that said telegram had been delivered by defendant as alleged, and you further find that plaintiff, acting upon said representations, if any, sent his wife to Dundee, Tex., and that upon arrival there she sustained certain damages, if any, by reason of the failure of defendant to deliver said telegram, if there was any such failure, then you will find for the plaintiff such damages, if any, as were the proximate result of the failure of defendant to deliver said telegram as alleged, and so say by your verdict; otherwise you will find for the defendant."

Appellant insists that this charge was upon the weight of the evidence, in that it assumes that defendant was guilty of negligence if its agent at Abilene informed plaintiff before his wife started that the message had been delivered at Dundee, and further that it authorized a recovery, even though appellant may have used due diligence to de-

liver the message. The agent at Abilene denied that he gave to the plaintiff any such information. If he gave the information, there was no explanation or excuse offered for thus deceiving the plaintiff, and that the giving of that information without excuse was negligence is the only conclusion that could have been drawn by the jury. And, if the appellant was guilty of negligence in giving this information, which was the proximate cause of the injuries complained of, then it was immaterial whether or not appellant used proper diligence to deliver the telegram before Mrs. Erwin left Abilene. Another proposition submitted under the assignment now under discussion is that it was not shown that the agent had legal authority to bind the appellant by such a statement. This criticism is answered by what we have already said. Nor can we say that the judgment is excessive, when considered in the light of all the facts and circumstances in evidence.

[4] Error has been assigned also to the instruction upon the measure of damages; the instruction being that, if a verdict should be returned in favor of plaintiff, the jury should allow him "such damages, if any, as were the proximate result of the failure of the defendant to deliver said telegram as alleged." The criticism addressed to the instruction is that it fails to confine the jury to any lawful measure of damages, or to damages alleged in the pleadings. While the charge is in general terms, it states a correct measure of damages, and, in the absence of a request by appellant for a more specific instruction telling the jury what items could be considered in estimating the damages, the assignment must be overruled.

The judgment is affirmed.