The state's motion for rehearing will be overruled.

## BOWER v. YELLOW CAB CO. et al.
### (No. 2195.)

Court of Civil Appeals of Texas. El Paso. Jan. 24, 1929.

Rehearing Denied Feb. 14, 1929.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellant.

Winfrey & Lane, of Dallas, for appellees.

HIGGINS, J. Appellant, in her own right, and as independent executrix of the estate of C. L. Bower, deceased, brought this suit against the Yellow Cab Company, a corporation, and its directors and officers, F. D. Thomas, J. K. Hexter, E. G. Bower, L. M. Yesner, W. G. Kelley, C. A. Rasbury, and W. R. Vernon, to recover damages for the conversion of stock in said company. The suit as to Rasbury was later dismissed.

Upon trial a peremptory charge was given in favor of defendants. Verdict was accordingly returned and judgment so rendered.

The plaintiff is the surviving wife of C. L. Bower, who died February 18, 1924. By the will of the deceased, which has been duly probated, all of his estate passed to the plaintiff, who was also named as independent executrix.

There is no conflict in the evidence, the defendants offering no evidence except one of the written contracts later noted.

On January 16, 1924, C. L. Bower and the individual defendants, other than Rasbury, executed a contract which reads:

"Whereas, the parties named below have this day acquired all of the capital stock of the Yellow Cab Company of Dallas at and for the sum of $62,000.00, J. K. Hexter contributing $5,000.00, thereto, F. D. Thomas contributing $5,000.00, John T. Jones contributing $5,000.00, Robert Vernon contributing $5,000.00, L. M. Yesner contributing $5,000.00, Fred Kelley contributing $5,000.00 and George W. Loudermilk contributing $1,000.00, the balance of the purchase price therefor being represented by the notes of L. M. Yesner, E. G. Bower, and Chas. L. Bower, aggregating $31,000.00, payable to J. D. and L. L. Nichols; and,

"Whereas, said Yellow Cab Company of Dallas has this day acquired all of the assets of Chas. L. Bower, doing business under the name of Bower Auto Rent Company, at and for the sum of $18,000.00; and,

"Whereas, it is the purpose of said parties to reorganize said business and to increase the capital stock thereof to a sum equal to the actual market value of its property, including that acquired from said Chas. L. Bower, and to issue stock to the several subscribers thereto in the proportion that the amount subscribed or contributed bears to the actual value of the property, including said Chas. L. Bower in the same manner as if he had made a cash subscription similarly to the others; and,

"Whereas, the capital stock of said Yellow

Cab Company of Dallas has been transferred to E. G. Bower and Fred Kelley, trustees, who are holding the same in trust pending such action as those who have acquired the same may take in the reorganization of said corporation and the amendment of its charter.

"Therefore, it is agreed by the said E. G. Bower and Fred Kelley that they have received and do hold the entire capital stock of said Yellow Cab Company of Dallas, aggregating an actual issue of $31,000.00 but in fact consisting of $30,000.00, for the purpose and on the terms above enumerated, and that they will surrender the same whenever demanded by those entitled thereto.

"It is further agreed by all the parties who have acquired stock in said Yellow Cab Company of Dallas in the amounts above enumerated, and said Chas. L. Bower, who has contributed property to said Yellow Cab Company of Dallas, that whenever said corporation is reorganized and its charter amended, or whenever some other satisfactory plan is agreed upon, that each subscriber to the stock of said Yellow Cab Company of Dallas shall receive stock on re-issue thereof in the proportion that the amount paid in by them respectively bears to the actual value of the property owned and held at this time, or at the time of the amendment of said charter, which shall include said Bower's property contributed.

"It is further agreed and understood by all those whose names are signed hereto, and who are subscribers to the stock of said Yellow Cab Company of Dallas, that the basis of valuation of the assets of said Company, in case any disagreement in that respect shall occur, is to be the actual market value thereof.

"It is also agreed that the notes given J. D. and L. L. Nichols in payment of the balance due for said stock and aggregating $31,000.00, signed by L. M. Yesner, E. G. Bower and Chas. L. Bower, shall be the debt of the Yellow Cab Company of Dallas, and shall be paid out of the assets of said corporation and for which no stock shall be issued to any person."

Contemporaneously with the foregoing contract, another was executed, being the one offered in evidence by defendant, which reads:

"Whereas, J. K. Hexter and his associates have contemporaneously with the execution of this instrument acquired title to all of the capital stock of Yellow Cab Company of Dallas, Texas, and have entered into a contract with Charles L. Bower, E. G. Bower and Leon M. Yesner, whereby it is agreed that the capital stock of the said Yellow Cab Company shall be increased to approximately Eighty Thousand ($80,000.00) Dollars, and the said Charles L. Bower, E. G. Bower and Leon M. Yesner have sold and conveyed to the Yellow Cab Company the business and property of Bower Auto Rent Company and other property, and are to receive in payment therefor Twenty Thousand ($20,000.00) Dollars of the capital stock of the Yellow Cab Company as reorganized; and,

"Whereas, the said Charles L. Bower, E. G. Bower and Leon M. Yesner have executed, among other notes, their promissory notes of this date, payable to J. D. and L. L. Nichols, or order, as follows, to-wit: One for the sum of Six Thousand ($6,000.00) Dollars due 12 months after date; one for the sum of Five Thousand ($5,000.00) Dollars due 16 months after date; one for the sum of Seven Thousand ($7,000.00) Dollars due 20 months after date; and one for the sum of Three Thousand ($3,000.00) Dollars due 24 months after date; said notes being given in part payment for the purchase price of the capital stock of the said Yellow Cab Company.

"Now this instrument witnesseth: That we, the said Charles L. Bower, E. G. Bower and Leon M. Yesner, in order to secure the payment of the said four notes, hereby transfer, sell and assign unto J. D. Nichols, L. L. Nichols and their assigns, all of our interest and equity in the said Yellow Cab Company; as now constituted, and agree that when said Company shall be reorganized, the stock to which we are entitled under the terms of said contract shall be delivered to the said J. D. Nichols and L. L. Nichols to be held by them and their assigns as collateral security for the payment of the said four notes; further agreeing that we will endorse and assign said stock to them as collateral security, and that the fact of such transfer shall be noted on the stock book of the said corporation; and this agreement shall be sufficient authority for the Secretary of said corporation, or other proper officer to deliver the certificates of stock to the said J. D. and L. L. Nichols, or their assigns.

"Witness our hands this the 16th day of January, A. D. 1924.　　　　E. G. Bower.
　　　　　　　　　　　　　　　"D. W. Yesner.
　　　　　　　　　　　　　　　"C. L. Bower.

"The undersigned purchasers and owners of all of the capital stock of the Yellow Cab Company of Dallas, Texas, hereby accept notice of the foregoing transfer and agree that the directors of the Yellow Cab Company shall be instructed to take notice thereof and to instruct the Secretary of the Company to carry the same into effect.

　　　　　　"Jno. T. Jones, by Rasbury
　　　　　　"C. L. Bower
　　　　　　"J. K. Hexter
　　　　　　"E. G. Bower
　　　　　　"Fred Kelley
　　　　　　"Fl D. Thomas
　　　　　　"Geo. Loudermilk
　　　　　　"Robert Vernon
　　　　　　"D. W. Yesner."

Following the execution of the foregoing contract, the defendants, as stockholders of the Yellow Cab Company, voted an increase

of the capital stock of the Yellow Cab Company from $30,000 to $200,000, and the defendants executed the necessary papers and affidavit constituting an amendment to the charter of the Yellow Cab Company, which amendment was filed by the secretary of state of Texas on February 12, 1924. The amendment to the charter recited that, in addition to its existing capital stock of $30,000, the corporation had an accumulated surplus of $99,730, and of this surplus $85,000 had been transferred to capital account, making a paid-up capitalization of the corporation of $115,000, with an authorized capitalization of $200,000.

The amendment, in giving the names of the stockholders who had paid the $85,000 as a result of their interest in the surplus of the corporation, did not include the name of C. L. Bower or any legal representative of C. L. Bower.

The only witness testifying was the plaintiff, who was shown by the undisputed evidence to be the widow, executrix, and sole beneficiary under the will of C. L. Bower. She testified: That Charles L. Bower died February 18, 1924. That she had never received the stock in the Yellow Cab Company which the above contract called for to be apportioned to Charles L. Bower. That she first made an effort to get the stock delivered to her a few months after Mr. Bower's death. That she first talked to Mr. F. D. Thomas, the president of the Yellow Cab Company, and asked him to see that it was issued properly, but it was never issued. That she made requests of Mr. Hexter, a director of the Yellow Cab Company, and of Mr. L. M. Yesner, the secretary of the Yellow Cab Company, for the issuance of the stock. That she was told that none of the stock had been issued. That she continued to ask for the issuance of the stock up to the time that she finally instituted this suit (November 14, 1927), and that she had never up to the time of trial been allowed to exercise any rights of a stockholder and had never been notified of a single stockholders' meeting, or given an opportunity to be present. That she knew that C. L. Bower was to put up his stock as collateral security to be held by Nichols Bros., as security until the notes were paid. The defendants always told her that the stock had not been issued. They did not tell her that it was up as collateral. The witness did not ask that the stock be given to her. She asked that it be made out, the stock certificate showing on the stub what she was entitled to. That she knew that she should have the stock issued to her and that she should have stock indorsed over, and it was not done. None of the defendants ever denied to the witness that she owned the stock, but the stock was never issued to her on the books of the company. Shortly before the suit was instituted, Mr. Yesner, the secretary of the company, and one of the defendants, told witness that the company was in good financial condition. The witness was never requested by any of the defendants to indorse or assign the stock that was coming to C. L. Bower in the Yellow Cab Company to Nichols Bros. or to either of the Nichols brothers. No one ever made that request to her at any time.

The undisputed evidence showed that all of the paid-up capital stock in the Yellow Cab Company under the amendment to its charter aggregating $115,000 par value was subsequent to the filing of the amendment to its charter issued as stated in the plaintiff's petition; a certificate for his proportionate part in accordance with the contract with Charles L. Bower having been issued to each of the defendants respectively, but none of the capital stock having been issued to C. L. Bower or any legal representative of C. L. Bower.

The evidence is also sufficient to show that the stock to which C. L. Bower was entitled in the reorganized Yellow Cab Company was worth par.

It was admitted in open court by counsel for the defendant that the plaintiff has never gotten the stock which she claims.

█ It has been repeatedly held in this and other states that an action in damages will lie for conversion of corporate stock. 26 R. C. L. 1105, and Texas cases later cited.

█ The evidence in this case shows a wrongful refusal to issue certificates of stock to which plaintiff was entitled in the Yellow Cab Company, as the executrix of the estate of C. L. Bower, deceased, and as beneficiary of his will. It further shows her rights as a stockholder were ignored.

The evidence shows liability upon the part of the company as for conversion. 14 C. J. 485, § 720; 26 R. C. L. 1105, § 13; Rio Grande Cattle Co. v. Burns, Walker & Co., 82 Tex. 50, 17 S. W. 1043; Baker v. Wasson, 53 Tex. 150, and Id., 59 Tex. 140.

█ And those of the company's directors and officers who participated therein by instigating, aiding, or abetting the company in so doing are liable with the company as joint tort-feasors. 36 Cyc. 2054; 26 R. C. L. 1138, § 51.

█ It is no answer to say that under the second contract quoted above the stock was subject to pledge to, and the stock certificate was to be delivered to, J. D. and L. L. Nichols as collateral to secure a debt, and plaintiff therefore not entitled to possession of the certificate.

The certificate, if issued, would have been but the mere evidence of her ownership of the stock. She was entitled to have the stock certificate issued and to be accorded the full right of a stockholder, subject only to the right of the pledgees to possession of the certificate and other rights conferred by the terms of the contract of pledge. It cannot properly be said that J. D. and L. L. Nichols are the only persons who can complain of the refusal of the company to issue the stock

certificate. The plaintiff was entitled to all of the rights of a stockholder, subject only to the terms of the contract of pledge.

Reversed and remanded.