### BOWER v. YELLOW CAB CO. et al.
### No. 10734.

Court of Civil Appeals of Texas. Dallas.
Jan. 10, 1931.

Rehearing Denied Feb. 14, 1931.

Leake, Henry, Wozencraft & Frank and W. W. Hilbrant, all of Dallas, for appellant.

Winfrey & Lane, of Dallas, for appellees.

LOONEY, J.

Mrs. Ada Mai Bower sued the Yellow Cab Company, a corporation, its officers and directors, to recover damages for the conversion of stock in the corporation, claimed in her own interest and as independent executrix of the estate of C. L. Bower, her deceased husband. The case has been twice tried and twice appealed. The first appeal was by plaintiff from an adverse judgment based upon an instructed verdict, was transferred to the Eighth Court of Civil Appeals, and by that court reversed and remanded. The case is reported in 13 S.W.(2d) 708, 710, and is here referred to for all purposes.

Passing upon the legal effect of plaintiff's evidence, the El Paso court held that: "The evidence in this case shows a wrongful refusal to issue certificates of stock to which plaintiff was entitled in the Yellow Cab Company, as the executrix of the estate of C. L. Bower, deceased, and as beneficiary of his will. It further shows her rights as a stockholder were ignored. The evidence shows liability upon the part of the company as for conversion. 14 C. J. 485, § 720; 26 R. C. L. 1105, § 13; Rio Grande Cattle Co. v. Burns, Walker & Co., 82 Tex. 50, 17 S. W. 1043; Baker v. Wasson, 53 Tex. 150, and Id., 59 Tex. 140. And those of the company's directors and officers who participated therein by instigating, aiding or abetting the company in so doing are liable with the company as joint tort-feasors. 36 Cyc. 2054; 26 R. C. L. 1138, § 51."

Plaintiff's evidence on the second trial is, in legal effect, the same as on the first. However, on the last trial defendants introduced evidence, not introduced on the first, consisting of certain stock certificates and the testimony of four of the defendants, who gave their version of the transactions. At the conclusion of evidence, a verdict was again instructed for defendants, judgment was rendered accordingly, and plaintiff has again appealed.

It is doubtless true that defendants' evidence, which for obvious reasons will not be discussed, is sufficient to warrant findings in their favor on all material issues, but it cannot be said, as a matter of law, that this evidence destroyed the prima facie case made by plaintiff; the utmost that can be said is that, however cogent or persuasive, it simply produced a conflict of evidence and a jury question; in truth, it could not be otherwise, in view of the holding of the El Paso court to the effect that plaintiff's evidence was sufficient prima facie to take the case to the jury.

The holding of the El Paso court is the law of the case and binding upon this court. The well-settled general rule is that questions of law decided on appeal must govern throughout all subsequent stages, in trials and on appeals. See County of Galveston v. Galveston Gas Co., 72 Tex. 509, 516, 10 S. W. 583; Wolf v. Sahm (Tex. Civ. App.) 135 S. W. 733; Kelley v. Fain (Tex. Civ.

App.) 168 S. W. 869; G. H. & S. A. Ry. Co. v. Faber, 77 Tex. 153, 154, 8 S. W. 64; Texas Jurisprudence, vol. 3, §§ 939, 946, and authorities cited. This rule includes decisions determining, as in the case at bar, the sufficiency of evidence to establish a fact. See Western Union Co. v. Erwin (Tex. Civ. App.) 164 S. W. 908; Sheffield v. Meyer, 229 S. W. 614; Campbell v. Turley (Tex. Civ. App.) 229 S. W. 595; Ewing v. Bain (Tex. Civ. App.) 257 S. W. 688.

It is contended, however, that the testimony of defendants, explanatory of the facts and circumstances attending the transactions, is uncontradicted and shows conclusively that no conversion of plaintiff's stock in the cab company occurred. As stated above, we do not think defendants' evidence stands uncontradicted, but if this were true, nevertheless, because of defendants' interest in the subject matter of litigation, the case ought to have been submitted to the jury, for, as said by Judge Brown in Houston, etc., Co. v. Runnels, 92 Tex. 307, 47 S. W. 971, 972: "it is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable." To the same effect, see the more recent case of Pope v. Beauchamp, 110 Tex. 271, 280, 219 S. W. 447.

Because it is our opinion that the court erred in taking the case from the jury and instructing a verdict, the judgment below is reversed, and the cause remanded for further proceedings not inconsistent with this or the decision of the El Paso court.

Reversed and remanded.