**D.D. KING, El Campo Well Service, Inc., Gary Downing, Texas Farms, Inc., Wilhelm Degen and C.E. Muegge, Appellants,**

v.

**R.J. LINDLEY, Jr. and Lindley and Company, Appellees.**

**No. 13–84–183–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Oct. 10, 1985.

Michael Connelly, Mayor, Day & Caldwell, Houston, Bill Payne, Lawrence, Thornton, Payne & Watson, Bryon, for appellant.

James R. Leahy, John O. Tyler, Jr., Houston, for appellee.

Before NYE, C.J., and SEERDEN, J.

## OPINION

SEERDEN, Justice.

This suit arose from the non-performance of a contract to sell real estate. Two separate lawsuits were originally filed but were consolidated for the purpose of trial. On November 28, 1983, the date the consolidated cases had been preferentially set for a jury trial, the trial judge announced it was rendering judgment disposing of all matters in controversy except the amount of attorneys' fees to be awarded to Texas Farms, Inc. and R.J. Lindley, Jr. and Lindley and Company, Realtors. The jury was dismissed and, on February 21, 1984, the trial court signed its Corrected Final Judgment. Texas Farms, Inc. and El Campo Well Service, Inc. have each appealed from this judgment.

Texas Farms, Inc.'s appeal is predicated on sixteen points of error. In its first nine points, complaint is made that it was denied a trial by jury and was denied the right to present evidence of its various contentions. Points of error ten through thirteen raise no evidence and insufficient evidence points relating to the judgment, point of error 14 charges an abuse of discretion in ordering

funds deposited in the registry of the court disbursed and points of error 15 and 16 charge abuse of discretion in the trial court's action denying it the right to take a partial non-suit.

El Campo Well Service, Inc. appeals on five points of error. Points of error one through four complain of the trial court's awards relating to attorneys' fees; point of error five complains of the court's denial of requested relief without a trial or a consideration of the evidence.

The record before this Court consists of numerous pleadings, discovery matters, a certified copy of the trial docket sheet, the orders which the trial court made in connection with the case, and a statement of facts which is simply a record of a conference between the lawyers for the parties and the judge which occurred after the judge announced that he was going to enter judgment without hearing any evidence. There was no motion for summary judgment or any other motion for judgment, other than one filed by El Campo Well Service, Inc. (called El Campo), on February 17, 1984, which is not pertinent to our resolution of this case.

The following pertinent facts are revealed from the live pleading in this case. R.J. Lindley, Jr. and Lindley & Co., referred to as Lindley, instituted this litigation on April 6, 1981, with the filing of their original petition. In this suit, they alleged that before January 15, 1981, they entered into an agreement with El Campo Well Service, Inc., referred to as El Campo, to obtain a buyer for 2,761 acres of land in Wharton County, Texas. They were to receive $100,000 commission for their services in this connection. They obtained a buyer and a contract for the sale of the land was entered into between El Campo and Texas Farms, Inc. The defendants, Gary Downing, individually and as an officer of El Campo, Wilhelm Degen and C.J. Muegge were charged with fraudulently and tortiously interfering with the commission agreement; and Lindley claimed they had been damaged in the sum of $100,000, were entitled to exemplary damages and

attorney's fees. All defendants answered, generally denying Lindley's allegations and making denials not material to this appeal. Later, on October 7, 1983, Lindley supplemented their original petition with claims that the defendants engaged in a conspiracy to defraud them and also made an alternate claim for quantum meruit.

On September 16, 1983, the First Amended Original Petition of Texas Farms was filed complaining of the actions of El Campo Well Service, D.D. King and Wilhelm Degen. Texas Farms alleged that the contract referred to in Lindley's original petition was entered into by Texas Farms, El Campo and D.D. King; that thereafter, on February 7, 1981, these parties entered into an addendum to the original agreement, whereby the sellers, El Campo and King could pay Texas Farms $150,000 by April 15, 1981, and the original contract would be cancelled. The addendum also provided a method by which Texas Farms could reinstate the original contract should sellers not pay Texas Farms the $150,000.

As stated earlier, both the Lindley and Texas Farms cases were consolidated by the trial court.

On October 12, 1983, El Campo filed a pleading entitled "Consent to Judgment." This document alleges that El Campo no longer contests Texas Farms' claim for specific performance of the January 15, 1981, contract and consents to judgment for specific performance of said contract. This pleading also specifically "does not admit nor confess the truth of Texas Farms, Inc.'s allegations that El Campo Well Service, Inc. breached a contract between the parties or, in any other way, committed any wrongful acts. El Campo Well Service, Inc. also expressly denies that Texas Farms, Inc. is entitled to any other remedy listed in ... Plaintiff's First Amended Original Petition."

Thereafter, on November 18, 1983, El Campo filed its First Amended Answer and Counterclaims to the pleadings of both Lindley and Texas Farms. This pleading is essentially the same as the original answer with respect to its response to the claims

by Lindley; however, as to the matters plead by Texas Farms, it not only continues its general denial of the matters plead, it continues to insist that Texas Farms is not entitled to relief for any alleged breach of the Real Estate Contract because 1) there was a failure of consideration, 2) Texas Farms breached the contract, 3) Texas Farms repudiated, renounced and abandoned the contract, 4) Texas Farms never intended to perform its obligation and finally, 5) that the contracts were fully performed and there was an acord and satisfaction. El Campo continued to specifically deny it was liable for attorney fees.

Thereafter, El Campo, along with D.D. King and Wilhelm Degen assert their First Amended Counterclaim wherein they ultimately pray that Lindley and Texas Farms take nothing and that the Real Estate Contract be specifically performed, that they have compensation for expenses incurred in maintaining the property since April, 1981, for loss of opportunities to dispose of the property, for other damages for their losses occasioned by the breach of the contract.

Degen and King filed separate pleadings identical to El Campo's First Amended Answer and Counterclaim.

This is essentially the state of the record on November 28, 1983, the date the matter was specifically set for a jury trial.

The following relief was granted in the judgment:

(1) The Real Estate Contract of January 15, 1981, between El Campo and Texas Farms was to be specifically performed, subject to certain modifications.

(2) Lindley was granted judgment against El Campo for $100,000, plus prejudgment interest and $20,000 in attorney's fees.

(3) Texas Farms was granted judgment against El Campo for $25,500 in attorneys' fees.

(4) Wharton County Abstract Company was granted judgment against El Campo in the amount of $1,000 in attorney's fees.

(5) All costs of court were taxed against El Campo.

■ The judgment of the trial court must be reversed and remanded for a trial on the merits. Both Texas Farms, in its first nine points of error, and El Campo Well Service, in its fifth point of error complain of the court's action in deciding their respective cases without giving them the opportunity to submit evidence or have a trial. Both the U.S. Constitution, Amendment Fourteen, Section One; and the Texas Constitution, Article I, Section 19, provide that a person shall not be deprived of life, liberty or property without due process of law. Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The right to be heard assures a full hearing, the right to introduce evidence at a meaningful time and in a meaningful manner and to have judicial findings based upon that evidence. *Id.*

■ El Campo takes the position that since it filed a consent to have the initial contract enforced and also agreed to same in its amended answer and counterclaim, Texas Farms was precluded from seeking any other form of additional relief. We disagree. A defendant may not dictate to a plaintiff the remedy which he should pursue. *Baker v. Wasson*, 59 Tex. 140, (1883). At the very least Texas Farms had the right to elect whether it wished to attempt to obtain specific performance of the addendum rather than have El Campo choose its remedy for it. Conversely, we agree with El Campo's position that it was entitled to be heard and present evidence of its alleged losses occasioned by the actions of Texas Farms.

■ Texas Farms' points of error one through nine and El Campo's point of error five are sustained. Because of our resolution of the case, we need additionally consider only Texas Farms' twelfth through fourteenth points of error, in which it contends that $150,000 in funds on deposit in the registry of the court were improperly disbursed to El Campo. Texas Farms alleges that pursuant to a February 7, 1981 addendum to the Real Estate Contract, El

Campo tendered the $150,000 to Intervenor Wharton County Abstract Company, which filed its plea of intervention and filed the money order with the District Court Clerk. Texas Farms further alleges that it entered into a joint motion with El Campo in which the parties agreed not to withdraw the $150,000 from the court registry until a final judgment was rendered. El Campo disputes the claim that it agreed not to seek disbursement until a final judgment was signed. We have found a copy of the addendum incidentally reproduced as an Exhibit in Lindley's brief. The addendum reflects that payment of the $150,000 is wholly contingent on El Campo's behavior, and that Texas Farms could have no enforceable rights to those funds. *See Miller v. First State Bank*, 551 S.W.2d 89 (Tex. Civ.App.—Fort Worth 1977, aff'd as modified 563 S.W.2d 572). Appellant's twelfth through fourteenth points of error are overruled.

■ Through its points of error numbered one through four, El Campo complains of the trial court's actions in awarding Lindley, Texas Farms and Wharton recovery against it as well as the denying of its request for recovery of attorney's fees against Texas Farms. Since the trial court's rulings on these matters were premised on its granting specific performance, these awards cannot stand. El Campo's points of error one through four are sustained.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

NYE, C.J., concurs.

NYE, Chief Justice, concurring.

The majority writes that this case should be reversed on the basis that El Campo Well Service was denied a right to a trial by jury. I agree that the case should be reversed and remanded, but for a different reason than that expressed by the majority.

Here, El Campo filed a pleading entitled "Consent to Judgment." By this document, El Campo claims that they consent-ed to a judgment on the Texas Farms' specific performance claim, but expressly denied Texas Farms entitlement to any other remedy which was pleaded. It is very clear to me that there was no consent to judgment here. Texas Farms timely informed the trial court of its dissatisfaction with El Campo's consent to judgment. I believe that this put the trial court on notice that there was no mutual consent of the parties. This is a necessary requirement. *See Milstead v. Milstead*, 633 S.W.2d 347 (Tex.App.—Corpus Christi 1982, no writ).

This situation is analogous to one in which there has been a settlement agreement. Judgment, in that type of case, may only be rendered if all the parties consent. *Hensley v. Salinas*, 583 S.W.2d 617 (Tex. 1979). Here, El Campo decided unilaterally to consent to only part of Texas Farms' cause of action which might benefit them. The trial court improperly granted judgment because the judgment clearly lacked the mutual consent of the parties. For these reasons, I concur in the result of this case.