MAYFIELD AND ANOTHER V. AVERITT'S ADM'R.

An allegation that the defendant, who claimed the property as an innocent purchas-
er, knew that the plaintiff claimed it, when he made the purchase, is good on gen-
eral demurrer.

Information by one who has seen the evidence of the claim, that a third person
claims property about to be sold, is sufficient to put the purchaser upon inquiry
of such third person in respect of his claim.

Where the answer contains a general denial only, the defendant will not be permit-
ted to prove that he acted as agent for another.

One who purchases and takes possession of property, with information that it is
claimed by a third person, and then sells it, cannot, when sued by such third per-
son for its value, defend himself on the ground that he acted as agent for another.

Appeal from Fayette. Suit by the appellee against the ap-
pellants for the value of certain negroes. It appeared that
Averitt had given Mayfield a bill of sale of the negroes, and
taken a separate defeasance. The bill of sale was recorded,
but the defeasance was not. Mayfield sold to Ward, his co-
defendant; and the petition alleged that "Ward knew that
Averitt laid claim to the negroes." There was a general de-
murrer, which was overruled, and a general denial. The proof
was that one of the witnesses, who had seen the defeasance,
had told Ward that Averitt claimed the negroes, and advised
him not to purchase them. Ward had sold the negroes; and
he offered to prove that he had been acting as Mayfield's
agent, merely; but the evidence was excluded.

*Green* and *Chandler*, for appellants.

*Webb & Harcourt*, for appellee.

LIPSCOMB, J. The appellants suppose the Court below
erred in overruling their general demurrer to the petition,
because the averment, or allegation, that Ward had purchased
with notice of the claim to the property purchased by him, is

not sufficiently explicit to charge him with notice; that the petition only charges that "Ward knew that Averitt laid claim to the negroes," and did not state the character of the claim. This, if a defect, is not such as would go to the foundation of the action, and show that there was no cause of action ; and any defect in the form of the allegation, should have been pointed out by special exception. It is, however, believed to have been sufficient to lay the foundation for letting in evidence, to fix the notice on him; and the evidence is full and satisfactory, that it was directly given to him by one of the witnesses, who had seen the evidence of the claim, and who advised him not to purchase. If he wished to be better informed as to the character of the title under which the claim was made, he should have sought that better information from the claimant himself. His purchase, after receiving the notice, manifested a determined design to aid in the perpetration of a fraud on the rights of the claimant.

The appellants allege that the Court erred in rejecting the evidence offered, that Ward had purchased the negroes, as an agent. This assignment is not available. The evidence was excluded properly, on two grounds. In the first place, had it been available as a defence, it ought not to have been received, because there had been no foundation laid for such proof, by the answer of the defendant. And in the second place, the fact, if true, did not amount to a defence. It could not have relieved him from liability, he having purchased and taken possession of the negroes, with notice that they were claimed by Averitt. If such defence could be received, it would be easy to shift responsibility to an irresponsible principal.

It is not necessary that the claim to the property should have been general and notorious; it could only have been essential if the notice to the purchaser had been attempted to be established as a fair deduction from such notoriety. It is sufficient, as in this case, to show actual notice to the purchaser, before the purchase was made. The judgment is affirmed.

Judgment affirmed.