INTERNATIONAL SULPHUR & MIN-
ERALS, INC., et al., Appellants,

v.

PENROC OIL CORPORATION, Appellee.

No. 6074.

Court of Civil Appeals of Texas,
El Paso.

Feb. 11, 1970.

Bell & Knight, Roy L. Bell, Odessa, for appellants.

Lynch, Chappell, Allday & Culp, Vann Culp, Jimmie D. Oglesby, Midland, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from the court's denial of a plea of privilege filed by the following defendants: International Sulphur & Minerals, Inc., Frank Griggs, Don Jordan, C. R. Bramblett, John T. Whitton (of Artesia, New Mexico), and Ellen Marie Donahue as Independent Executrix of the estate of A. C. Donahue. The plaintiff-appellee filed its suit in Midland County, Texas, alleging that Midland County was the proper county of venue because the fraud had been committed by the above-named defendants in Midland County. We believe, and hold, that the trial court was correct in its holding.

It will be noted at first hand that one of the defendants is a resident of New Mexico. Plaintiff, who is the appellee in this matter, alleged that the defendant-appellants came to the office of plaintiff in Midland County with the intent and for the purpose of inducing appellee to believe there was a large deposit of sulphur under certain acreage in Hudspeth County upon which appellants had drilled a well. Appellee filed suit for rescission of a lease contract entered into by appellee with appellants in reliance upon such false representations, and for exemplary damages.

Appellants' plea of privilege was controverted by appellee under subdivisions 3, 7 and 29a of Article 1995, Vernon's Ann. Tex.Civ.St. The trial court overruled the plea of privilege, and appellants have filed their appeal therefrom.

No findings of fact or conclusions of law were requested by appellants or filed by the trial court. At this point it should be remembered that under such circumstances a reviewing court must presume that the trial court resolved all issuable facts in such a way as to support the judgment entered, and if there is competent testimony to support the trial court's judgment, it must be sustained. Monroe v. Mercer, 414 S.W.2d 756 (Tex.Civ.App., n. w.h); Southland Supply Company v. Gebhart, 439 S.W.2d 393 (Tex.Civ.App., n.w. h.).

We will not burden this opinion with a long discussion of the controversy, but simply point out what we consider the salient facts.

It appears that the appellants came, in person and in a representative capacity for the appellant corporation, to the home office of appellee in Midland with some samples and cores of sulphur which analysis showed to be of very high content. Appellee alleges that appellants represented to appellee's President that they had all watched sixteen feet of 70% sulphur drilled on the land in question between the depths of 270 and 286 feet, and that several water holes on the land had good sulphur showing, and that they "had a sulphur find out there". Appellee maintains that these representations were made for the purpose of inducing appellee to rely on them and enter into the deal, which appellee did, and delivered some $70,000.00 to appellants. Subsequent drilling operations and logging of the original hole revealed a complete absence of sulphur under the leases and in the original hole. There was much controversy between experts on both sides as to whether the sulphur shown to appellee was elemental—in other words,

natural—and came from the hole in question; or that it was "salted"—in other words, placed in the hole. The record shows that when the original hole was reamed out to a larger size, no sulphur was found. It is also obvious that appellants, at the taking of their respective depositions, although making broad, mysterious hints that there was in fact sulphur under the leases in question (which everyone else had somehow failed to find), all refused to discuss or reveal that information. It is also in the record that appellee's employees did find some sulphur on the surface around the well or hole, and again the controversy came up as to whether it was natural sulphur or sulphur brought and placed there. Therefore, it is obvious that a very determined and bitter controversy developed in this lawsuit, and the matter of venue then becomes important.

It is not denied that one of the defendants, a Mr. Whitton, resided in Artesia, New Mexico which, of course, is out of the State of Texas; and Section 3 of Article 1995, V.A.T.S., clearly provides that if one or all of several defendants reside without the state or if their residence is unknown, suit may be brought in the county in which the plaintiff resides. It is clear that we have an out-of-state defendant and a sharply contested controversy wherein appellee charges appellants, who are all necessary parties to the action, with fraud. For these reasons we believe the trial court was correct in overruling appellants' plea of privilege under subdivisions 3 and 7, Article 1995, V.A.T.S.

Appellee also alleges that appellants' points are too general in nature and are not worthy of consideration; but in view of our holding as indicated, we will not discuss that particular point, nor will we discuss in detail appellants' third point referring to sub-section 29a of Article 1995, V.A.T.S., as that point is disposed of by our holding.

Appellants' points are all overruled and the judgment of the trial court is affirmed.