**PENROC OIL CORPORATION, Appellant,**

v.

**Ellen Marie DONAHUE, Independent Executrix of the Estate of A. C. Donahue, Deceased, and Don Jordon, Appellees.**

No. 6232.

Court of Civil Appeals of Texas, El Paso.

Feb. 9, 1972.

Rehearing Denied March 8, 1972.

———◆———

Lynch, Chappell, Allday & Culp, Vann Culp, Jimmie D. Oglesby, Midland, for appellant.

Turpin, Smith, Dyer, Harman & Osborn, Max N. Osborn, Midland, for appellees.

OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment involving a suit for rescission of a

contract and for damages resulting from alleged fraudulent representations. Penroc Oil Corporation, Plaintiff-Appellant brought suit against International Sulphur & Minerals, Inc., Frank Griggs, Don Jordon, C. R. Bramlett, John T. Whitton, and Marie Ellen Donahue, as Independent Executrix of the Estate of A. C. Donahue, Deceased, Defendants-Appellees. The five individual Defendants filed Motions for Summary Judgment. The trial court severed the cause of action as to the Estate of A. C. Donahue and Don Jordon and entered judgment for these two Defendants. We reverse and remand.

This case was previously appealed to this Court from a judgment on pleas of privilege styled: International Sulphur & Minerals, Inc. v. Penroc Oil Corporation, 451 S.W.2d 761 (n.w.h.). The basic background facts were reported in that opinion and it is not necessary to repeat them here. Additional deposition testimony was taken after the venue hearing. Only such facts as relate to the issues in dispute will be included in this opinion.

In order for a summary judgment to be sustained, it is incumbent upon the movants to discharge the burden of affirmatively showing the absence of a material issue of fact. In reviewing the record, this Court must view the evidence in the light most favorable to the party opposing the motion and accept as true all evidence which tends to support this position. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.Ct.1965), McDonald, Texas Civil Practice, Sec. 17.26.12 p. 172.

Plaintiff's petition alleges that the Defendants acted in concert to perpetrate a fraudulent scheme for the purpose of inducing the Plaintiff to enter into an agreement for the purchase of sulphur leases. International Sulphur & Minerals, Inc. was a corporation in which the individual Defendants owned all of the stock and were the officers and directors. There was no detailed information in the record as to the corporate structure, but it appears that the individual Defendants acquired their stock ownership from services furnished to the corporation, together with expense money and personal efforts. In the corporate operations, Defendant Jordon testified that they all worked together, with no particular assignment being delegated to any particular person.

The Defendants Jordon and Donahue contend that they are entitled to a summary judgment in that they executed the agreement only in their corporate officer capacities, and not individually. In addition, they contend that all preliminary negotiations had been concluded when they arrived at the meeting to execute the agreement; that upon arrival, they merely executed the agreement and thus made no representations to the Plaintiff that could subject these two Defendants to liability for any fraud.

The well where the sulphur find was allegedly made was being drilled by Griggs. Each of the individual Defendants was notified about the evidence of sulphur in this well and on being so notified, they all met at the well site on Father's Day to observe the drilling and production. All of the Defendants witnessed this operation and Plaintiff's president testified that they all told Plaintiff that they all watched the sulphur being drilled. Defendant Bramlett testified that at the time of the execution of the agreement that when Jordon and Donahue were there that one of the topics of conversation was the amount of sulphur indicated in the well.

The testimony reveals that Jordon recovered a specimen of the sulphur produced from the Father's Day well. This same specimen was taken by Mr. Donahue to a laboratory for analysis to determine the percentage of sulphur content. This laboratory analysis, together with a sulphur sample, was delivered to the Plaintiff by either Whitton, Griggs or Bramlett, or

all of them, when they met with the Plaintiff. To say the least, the specimen obtained by Jordon which was used by Donahue for the analysis was then used by the other three individuals to substantiate their representations to the Plaintiff.

Plaintiff's secretary was at the meeting when the contract was signed. He testified that Jordon was entering into a general discussion of the fact that it looked like there was a good sulphur find and now that they were going to get some leases from the State of Texas that they would be in an excellent position to capitalize on it. He also testified that at the time of the execution of the agreement that he talked to Mr. Donahue who stated that he (Donahue) had seen the sulphur drilled and it looked like a real good thing and that they could all make some money.

It is the law in this State that all parties to a fraudulent transaction are responsible for the acts and representations of the others done in pursuance of a mutual understanding or in furtherance of a common plan, design or scheme. Foix v. Moeller, Tex.Civ.App., 159 S.W. 1048 (writ ref.). It is well settled that the directors or officers of a corporation are liable for their own fraudulent acts and representations to persons injured thereby. This rule is applicable even though the individuals are acting for the benefit of the corporation and the corporation is likewise liable. 19 C.J.S., Corporations § 850, pp. 281–282; R. O. McDonnell Development Company v. Schlueter, Tex.Civ.App., 339 S.W.2d 701 (Ref. n.r.e.).

We conclude that the Defendants have not discharged their burden of affirmatively showing the absence of a material issue of fact. We therefore reverse the judgment of the trial Court and remand for trial.