Gerald F. CONRAD, Appellant,

v.

ARTHA GARZA CO., Appellee.

No. 20435.

Court of Civil Appeals of Texas, Dallas.

Feb. 11, 1981.

Rehearing Denied March 23, 1981.

Kent H. Poynor, Shafer, Poynor, Ramsey & Kopf, Dallas, for appellant.

Shannon Jones, Jr., Mitchell Baddour, Jr., Passman, Jones, Andrews, Holley & Co., Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

Gerald F. Conrad appeals from a judgment awarding Artha Garza Company, a corporation, a real estate brokerage commission on the sale of Conrad's real property. We reverse and remand because Garza failed to prove "that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced" as required by Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(a) (Vernon Supp.1980).

Garza went to trial on its first amended original petition alleging that it was "at all times pertinent hereto a duly licensed real estate broker, authorized as such under the laws of the State of Texas, particularly the Revised Civil Statutes of the State of Texas, article 5673a." Conrad generally denied the allegations made by Garza. The only evidence that anyone held a license as a real estate broker was the testimony of Mary Hawkins, who signed the listing agreement

with Conrad, on behalf of Garza. She testified that she possessed a salesman's license during the entire transaction with Conrad. Neither Hawkins or other witnesses testified that Garza held a license.

Garza concedes that the record reflects no direct proof that it held a license. Garza contends, however, that since Conrad failed to plead under oath that Garza could not sue or recover in the "capacity" alleged, as required by Tex.R.Civ.P. 93(c) and (d), Garza's right to recover in the capacity of a licensed broker is to be deemed admitted. We cannot agree. The "capacity" addressed in rule 93(c) and (d) is the *standing* of a party to assert or defend the action before the court. Capacity, or standing, as used in the rule, relates to instances such as an administrator's right to prosecute a decedent's cause of action, as in *Pierce v. Baker*, 143 S.W.2d 681 (Tex.Civ.App.—Eastland 1940, writ ref'd); the attorney general's right to seek receivership of an insurance company, as in *Lloyds of Texas v. Bobbitt*, 40 S.W.2d 897 (Tex.Civ.App.—Dallas 1931, writ ref'd); a widow and children's right to prosecute wrongful death action, as in *Theobold v. Pate*, 542 S.W.2d 460 (Tex. Civ.App.—Tyler 1976, writ dism'd); and an assignee's right to attempt to collect a judgment by garnishment proceedings as in *Allen v. Wilkerson*, 396 S.W.2d 493 (Tex.Civ. App.—Austin 1965, writ ref'd n. r. e.). "Capacity" as used in rule 93(c) and (d) does not relate to the merit of the cause of action or the merit of the defense thereto. Conrad does not challenge Garza's *capacity* to sue and recover, but only challenges Garza's proof of its *right* to recover, in any capacity alleged, when the record fails to include specific proof required by statute as a condition to recovery. Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp.1980) regulates the licensing of real estate brokers and salesmen, together with actions by them for the recovery of commissions. Section 20(a) of the statute states as follows:

> Sec. 20.(a) A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without *alleging and proving* that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed attorney at law in this state or in any other state. [Emphasis added.]

We hold Garza's *capacity* to prosecute its suit for a broker's commission is not in issue, but that the *merit* of Garza's suit was placed in issue by Conrad's general denial. The *merit* of Garza's claim depended upon the proof required by section 20(a), and the proof failed when Garza failed to prove it held a broker's license.

Garza next argues that since Mary Hawkins was the person actually performing the services to Conrad, and since Mary Hawkins testified, without objection or controverting proof, that she was at all times licensed as a salesman, the burden of section 20(a) was met in the record. We cannot agree. According to its pleadings, Garza is a corporation and it is the corporation, not Mary Hawkins, who is seeking a commission. Therefore, the corporation must meet and discharge the burden of section 20(a) of "alleging and proving" that it was "a duly licensed real estate broker or salesman at the time the alleged services were commenced." Garza's argument was substantially presented to our supreme court in *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978). In that case, a corporation was seeking brokerage commissions yet was not shown to be licensed, but it argued because its president, who personally did the brokerage work, was a duly licensed broker it was entitled to a commission. Our supreme court held that strict compliance with section 20(a) (section 19 as of the date of that opinion) was required, and that the president's license would not support recovery by his employer corporation. In the light of section 20(a) of the opinion in *Coastal Plains*, we hold that Mary Hawkins' salesman's license is not sufficient to discharge Garza's statutory burden to prove that it held a license.

Garza further argues that the record, while not showing directly that Garza

was licensed, did reflect enough evidence to support an implied finding that Garza was licensed and that Garza had substantially complied with section 20(a). Garza points out that Mrs. Hawkins proved that she was licensed as a salesman and was associated with Garza and that article 6573a only permits a salesman to be associated with a licensed broker. Further, Garza points out that Conrad entered into an exclusive listing agreement with Garza, and again article 6573a prohibits anyone but a licensed broker to make such a listing agreement. Garza also urges that the record reflects that it was a member of the Greater Dallas Board of Realtors and of Multiple Listing Service which should, at least, give rise to an inference that Garza was a licensed broker. We cannot agree with any of these positions taken by Garza because the required strict construction of section 20(a) as to *proof* of licensing under *Coastal Plains* cannot be met by the inferences Garza wishes us to draw. Moreover, in *Henry S. Miller v. Treo Enterprises*, 585 S.W.2d 674 (Tex.1979), our supreme court rejected a similar argument stating:

> In its second point of error Miller alternatively contends that it complied with the Real Estate License Act. Miller points out that the undisputed evidence shows that its employee, the person actually performing the brokerage services, was a licensed broker. This argument was foreclosed by our recent opinion in *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978). In that case Micrea contended that it had complied with the Act since its president, who performed the brokerage services, was duly licensed at all relevant times. Without expressing an opinion as to whether this fact constituted substantial compliance, we held that substantial compliance would not suffice. We concluded: "An entity seeking to recover compensation for any of the services listed in § 4(1) [amended § 2(2)] of the Act must strictly comply with § 19 [amended § 20(a)] in order to use the courts of this State." *Id.* at 289 [citing *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584 (1960); *Elrod v. Becker*,

537 S.W.2d 84 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Macphee v. Kinder*, 523 S.W.2d 509 (Tex.Civ.App.—San Antonio 1975, no writ)].

585 S.W.2d at 678. Accordingly, we hold that Garza's burden to prove it possessed a broker's license, being a strict burden under *Coastal Plains*, was not discharged by the inferences urged by Garza.

■ Lastly, Garza argues that Conrad failed to obtain a ruling by the trial court on its contention that Garza could not recover absent proof of its broker's license and, thus, cannot urge upon our court a point upon which the trial court had not ruled. *See* Tex.R.Civ.P. 324. Conrad concedes that he did not raise this point during trial or in any post-trial motions, but argues that the absence of proof, required by statute, constitutes error which may be raised at any time, even for the first time on appeal. We agree. Where a crucial element necessary to support a judgment is absent, that point may be asserted for the first time on appeal. *Douthit v. McLeroy*, 539 S.W.2d 351, 352 (Tex.1976) (per curiam). Here Garza's right to a commission is dependent upon proof of a broker's license to support the judgment. Since this essential proof is missing, the court erred and the judgment must be reversed.

We remand rather than render because the ends of justice require our discretion in this respect. *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972), *Messer v. Carnes*, 71 S.W.2d 580 (Tex.Civ.App.—Waco 1934, no writ). If Garza has a license, it is entitled to a commission; likewise, if it had no license, it is not entitled to a commission. This simple fact is one easy of proof. Accordingly, we reverse and remand so that Garza may prove this fact, if possible.