Glen W. LIGHT et al., Petitioners,

v.

J.M. WILSON et ux., Respondents.

No. C–2119.

Supreme Court of Texas.

Dec. 31, 1983.

Rehearing Denied Feb. 22, 1984.

John L. Fulbright, Beaumont, for petitioners.

Cribbs & Lewis, Kenneth W. Lewis, Beaumont, for respondents.

CAMPBELL, Justice.

This is a Deceptive Trade Practices case. The issue is whether Glen W. Light, sole owner of G–W–L Builders, Inc., is jointly and severally liable with G–W–L Builders, Inc., d/b/a Goldstar Builders, for damages for failure to construct a house. The trial court, in a non-jury trial, held Light jointly and severally liable with Goldstar for acts of fraud and violations of the Deceptive Trade Practices Act and awarded damages to the Wilsons. The court of appeals affirmed the judgment of the trial court. Opinion unpublished. Tex.R.Civ.P. 452. We reverse the parts of the judgments of the courts below holding Light personally liable and affirm the remainder of the judgments.

In October 1979, the Wilsons discussed with Stephen Hibler, Goldstar's salesman, plans for a new house and determined that a smaller version of Goldstar's model home would be needed to bring the cost within their budget. The Wilsons paid $200 to Goldstar to revise the model plans and draw new blueprints. The parties signed a construction contract on March 29. The Wilsons sold their home and paid $7,000 to Goldstar as a down payment. After several months, despite numerous complaints, no work was done to the Wilsons' property other than placing corner stakes for the location of the house. Hibler, on several occasions, told the Wilsons that certain work had been done or was in the process of being done, when in fact it was not.

Soon thereafter, the Wilsons sent a demand letter to Goldstar and Light for the return of their money. Light responded that the reasons for the delay in construction were (1) the Wilsons' inability to obtain

the required financing and (2) Light's refusal to proceed so long as the Wilsons had an attorney. Light went further to say that too much money had been spent on the project to allow a refund.

The Wilsons then filed suit against Stephen Hibler, Goldstar Builders, Glen W. Light, and G–W–L, Inc. to recover, jointly and severally, actual and punitive damages. The Wilsons pleaded Light had committed unconscionable acts, fraud, conversion, and breaches of implied and expressed warranties in violation of Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp.1982). At the close of the trial, the Wilsons nonsuited Hibler. The trial court held Light and G–W–L, Inc. jointly and severally liable and awarded the Wilsons actual damages of $6,700, punitive damages of $11,400 and attorneys' fees of $2,000.

Light contends he is not liable in the individual capacity in which he is sued because he was acting in the capacity of an officer of G–W–L, Inc., a Texas corporation, doing business as Goldstar Builders. The Wilsons respond that Light failed to file a verified denial as required by Rule 93(c), Tex.R.Civ.P. and cannot now raise this defense. This Rule provides:

> Rule 93: A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (c) That the plaintiff is not entitled to recover in the capacity in which he sued, or that the defendant is not liable in the capacity in which he is sued.

The Wilsons contend Light's absence of a verified denial does not require them to plead piercing the corporate veil or alter ego to enable the finding of individual liability against Light.

The Wilsons also assert the corporate veil has not been drawn. They contend their case is governed by *Gray v. West,* 608 S.W.2d 771 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). In that case, West sued Gray individually on the theory that Gray participated individually in the business transaction sued upon. West never attempted to establish Gray's personal liability as an alter ego of Gray's business. The court of appeals held Gray's unsuccessful reliance on an affirmative defense under Rule 93, Tex.R.Civ.P., did not place the burden on West to pierce a corporate veil that had never been drawn. In a similar case, *Butler v. Joseph's Wine Shop, Inc.,* 633 S.W.2d 926 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), the court of appeals held if a defendant is sued individually along with his corporation and there is no verified denial under Rule 93, Tex.R.Civ.P., individual liability may be found without having to find the corporation is the alter ego of the individual.

The capacity addressed in Rule 93(c), Tex. R.Civ.P., is Light's standing to assert or defend the action before the Court. It does not relate to the merits of the cause of action or the merits of the defenses thereto. Light may still challenge the proof of the Wilsons' right to recover in any capacity alleged. *See Conrad v. Artha Garza,* 615 S.W.2d 238 (Tex.Civ.App.—Dallas 1981, no writ). Light's capacity to be sued is not in issue, but the merit of the Wilsons' suit was placed in issue by Light's general denial. *Shell Chemical Company v. Lamb,* 493 S.W.2d 742 (Tex.1973).

The trial court in its conclusions of law held that Goldstar committed fraud, and violated the Deceptive Trade Practices Act in its dealings with the Wilsons. The conclusions of law further held that Light is subject to Goldstar's liability in a joint and several capacity. There is no finding of fact that Light, individually, violated the Deceptive Trade Practices Act. It appears Light's personal liability was predicated on an alter ego theory. There are no pleadings to support a theory of recovery on alter ego or piercing the corporate veil. Conclusions of law which are not based on findings of fact and supported by pleadings will not sustain a judgment. Rule 299, Tex.R. Civ.P., provides that the findings of fact shall form the basis of the judgment upon all grounds of recovery. Therefore, there being no finding of fact that Light violated

the Deceptive Trade Practices Act, he cannot be personally liable.

We reverse the part of the judgment of the trial court and the court of appeals which holds Glen W. Light jointly and severally liable with G–W–L, Inc. and render judgment that the Wilsons take nothing against Light. We affirm that part of the judgments of the courts below awarding the Wilsons damages against G–W–L, Inc.

SPEARS, J., concurs.

SPEARS, Justice, concurring.

I concur in the result reached by the majority, because there were no findings that Glen W. Light violated the Deceptive Trade Practices Act.

The rule in Texas has always been that an agent is personally liable for his own torts. *See Leonard v. Abbott,* 366 S.W.2d 925 (Tex.1963); *Tarrant v. Walker,* 140 Tex. 249, 166 S.W.2d 900 (1942); *Poole v. The H. & T.C. Ry. Co.,* 58 Tex. 134 (1882); *Baker v. Wasson,* 53 Tex. 150 (1880); *Mayfield v. Averitt,* 11 Tex. 140 (1853); *Dr. Salsbury's Laboratories v. Bell,* 386 S.W.2d 341 (Tex. Civ.App.—Dallas 1964, writ dism'd w.o.j.); *see also* RESTATEMENT (SECOND) OF AGENCY § 348 (1958). This rule also applies when the agent is an officer or shareholder of the principal corporation. *See, e.g., Bower v. Yellow Cab Co.,* 13 S.W.2d 708 (Tex.Civ.App.—El Paso 1929, writ ref'd); *Penroc Oil Corp. v. Donahue,* 476 S.W.2d 849 (Tex.Civ.App.—El Paso 1972, writ ref'd n.r.e.); *Western Rock Co. v. Davis,* 432 S.W.2d 555 (Tex.Civ.App.—Fort Worth 1968, no writ); *Mayflower Investment Co. v. Stephens,* 345 S.W.2d 786 (Tex. Civ.App.—Dallas 1960, writ ref'd n.r.e.).

Liability in these cases is based on the agent's own actions, not his status as agent. There is no sound reason to treat agents differently when they violate the Deceptive Trade Practices Act. *See United States Steel Corp. v. Fiberglass Specialties, Inc.,* 638 S.W.2d 950 (Tex.App.—Corpus Christi 1982, no writ); *Portland Savings & Loan Ass'n v. Bevill, Bresler & Schulman Government Securities, Inc.,* 619 S.W.2d 241 (Tex.

Civ.App.—Corpus Christi 1981, no writ). It is not relevant that the contract was with the corporation, because a cause of action under the Deceptive Trade Practices Act does not depend on the contract between the parties. *Smith v. Baldwin,* 611 S.W.2d 611, 614 & n. 4 (Tex.1980).

The majority opinion holds that "... there being no findings of fact that Light violated the Deceptive Trade Practices Act, he cannot be personally liable." As I understand this, the converse would be that a person who does violate the Deceptive Trade Practices Act will be individually liable, even though he acts as an agent. Holding agents liable for their own violations of the Act is consistent with the common law rule which has been the law in this state for over a century.

By recognizing that Light would be individually liable if there were findings that he violated the Deceptive Trade Practices Act, the majority has implicitly overruled the contrary holding in *Karl & Kelly Co. v. McLerran,* 646 S.W.2d 174 (Tex.1983). *Karl & Kelly Co.* was wrongly decided. This court held that when the contract was with the corporation, the agents were not personally liable for their own violations of the Deceptive Trade Practices Act, absent evidence that the corporation was merely their alter ego. The opinion inadvertently overlooked the import of our numerous common law decisions holding agents liable for their own misconduct, and the argument was neither briefed nor raised on motion for rehearing.

Although considerations of *stare decisis* would normally counsel against overruling an opinion of this court after such a short time, a clearly erroneous decision should be corrected.