**DUVAL COUNTY RANCH COMPANY,**
**et al., Appellants,**

v.

**Grady E. WOOLDRIDGE, Appellee.**

No. 13911.

Court of Appeals of Texas,
Austin.

Feb. 29, 1984.
Rehearing Denied March 28, 1984.

Marynell Maloney, Maloney & Maloney, San Antonio, for appellants.

G. Michael Lawrence, Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

Appellee Grady Wooldridge brought suit against Perry Horine (Horine), Clinton Manges (Manges), and Duval County Ranch Company (DCRC), a corporation wholly owned by Manges. As to all defendants, Wooldridge sought damages for fraud, breach of contract, moneys had and received, and breach of a third party beneficiary contract; his claim against Horine was also based on two promissory notes. Based upon a jury verdict finding that all parties had made fraudulent misrepresentations to Wooldridge, and assessing actual damages as to all defendants and exemplary damages against each defendant, the trial court entered judgment against all defendants, jointly and severally, for actual damages and against each defendant for the exemplary damages assessed by the jury as to each defendant. Motions by Manges and DCRC for judgment *non obstante veredicto* and for new trial were

overruled. Manges and DCRC appeal, Horine does not. We affirm the judgment of the trial court.

This case was previously appealed to this Court from a judgment overruling pleas of privilege of Manges and DCRC. *See Duval County Ranch Company v. Wooldridge*, 667 S.W.2d 887 (Tex.App.1984). The basic facts were reported in that opinion and it is not necessary to repeat them here. Only such facts as relate to the issues in dispute will be included in this opinion.

By their first point of error appellants complain of the trial court's overruling their motion for judgment *non obstante veredicto* because there was no finding as to the authority of Horine to bind either Manges or DCRC. More specifically, they argue that since the jury failed to find any express authority on the part of Horine to act for Manges and DCRC, there could be no implied authority as found by the jury. In making this argument, appellants improperly characterize the jury's findings. The three special issues submitted as to Horine's agency asked if Horine took the same listed actions, if any, on behalf of and within the express authority (S/I No. 1), implied authority (S/I No. 2), and apparent authority (S/I No. 3), if any, of Manges or DCRC.

■ The jury's negative finding on special issue No. 1 does not negate the jury's finding on special issue No. 2—that Horine had implied authority from Manges and DCRC to: (a) execute the contract as agent for DCRC between Horine and Wooldridge's company; (b) promise to pay $59,-000.00 of the amounts owed by Wooldridge on his note of $69,000.00 to Groos National Bank; and (c) promise to pay all amounts owed by Wooldridge on the $30,000.00 note to Groos National Bank. The jury's finding on special issue No. 1, that these acts were not within Horine's express authority, does not show a finding of no express authority whatsoever. The jury's finding of express authority which must precede a finding of implied authority comes from the

instruction under special issue No. 2 which reads:

In connection with the foregoing issue, you are instructed that "implied authority" means the authority to do all things proper, usual and necessary to exercise any authority granted to a person.

This is the proper definition of implied authority. *Employers Casualty Co. v. Winslow*, 356 S.W.2d 160, 168 (Tex.Civ.App. 1962, writ ref'd n.r.e.); 3 Tex.Jur.3d, Agency, § 41 pp. 68–69 (1980).

■ Without raising a separate point of error appellants state that there is no evidence to support the jury's finding of implied authority. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the findings of the trier of fact and consider only the facts and circumstances which tend to support those findings. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 904 (Tex. 1980); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ Using this standard we hold that there is ample evidence to support the jury's findings of implied agency. The skeletal evidence adduced at the pleas of privilege hearing, summarized in our earlier opinion in the venue case, was clearly some evidence of agency and the evidence at the trial on the merits merely fleshed it out. *Duval County Ranch Company v. Wooldridge, supra*, and authorities cited therein. Appellants' first point of error is overruled.

By their second point of error appellants assert that the trial court erred in overruling their motion for judgment *non obstante veredicto* because there is no evidence to support the verdict in special issue No. 9, the fraud issue, which is as follows:

SPECIAL ISSUE NO. 9:

Do you find from a preponderance of the evidence that the following parties, if any, *made one or more false representations of material fact to Grady Wooldridge about procurement of loans from the Groos National Bank or repayment of any such loans which were*

*false at the times made,* were made with the *intention that they be relied* upon, and *were relied upon by Mr. Wooldridge to his detriment?*

You are instructed that a representation may be "false," as that term is used herein, if the person making the representation knew that it was false; or it may be "false," as that term is used herein, if it was made recklessly without knowledge of its truth or falsity and as a positive assertion even though the speaker or writer did not intend to deceive or act in bad faith.

You are further instructed that a fact is "material" if it would likely affect the conduct of a reasonable person with reference to the transaction in question.

Answer "We do" or "We do not" as to each of the following parties:

Answer:   Clinton Manges: We do

Duval County Ranch Company: We do

Perry Horine: We do

(emphasis added)

■ Appellants argue that the only evidence of representations of Manges and DCRC was an alleged statement by Manges to Wooldridge on the courthouse steps in Seguin. This contention is without merit. Manges and DCRC also made representations through their agent Horine. Since Horine was acting as Manges' and DCRC's agent they are liable for his fraud and misrepresentations, within the scope of the agency, even though appellants may have had no knowledge of the fraud or misrepresentations. *Campbell v. Hamilton,* 632 S.W.2d 633, 635 (Tex.App.1982, no writ). The present case is even stronger than *Hamilton* because there is evidence that Manges and DCRC knew of Horine's representations and ratified them. The jury specifically found that Horine's fraudulent acts and representations were within his implied authority from Manges and DCRC.

■ Even if Horine were not acting as Manges' and DCRC's agent, there is evidence supporting a finding that Manges personally committed fraud. There is evidence that Manges promised at Seguin that he would repay Wooldridge and that Manges subsequently denied that promise. Fraudulent intent may be proved by a breach of the promise plus a denial by the defendant that he ever made the promise to perform in the future. *Stanfield v. O'Boyle,* 462 S.W.2d 270, 272 (Tex.1971); *Southwestern Bell Tel. Co. v. Meader Construction Co.,* 574 S.W.2d 839, 843 (Tex. Civ.App.1978, writ ref'd n.r.e.). Manges' fraud is attributable to DCRC, as appellants conceded at trial that Manges was acting for DCRC and was sole owner thereof. Other evidence to support this finding was that the loans were prearranged at Groos National Bank, controlling interest of which was owned by Manges, and that the chairman of the board of the bank increased the amount of the first obtained loan by $27,000.00 so that Manges could use it to pay a debt to an oil driller. Wooldridge's testimony made it clear that he relied upon all of these representations and acts to his detriment. The trial court correctly based its judgment on the jury's finding of fraud and the evidence supporting same. Appellants' second point of error is overruled.

By their third, fourth and fifth points of error, appellants complain of the court's inclusion in its award of damages, of $97,542.07 for damages to Wooldridge's "business and credit" resulting from defendants' failure to pay Wooldridge's notes to Groos National Bank. They argue that such damages are not recoverable in a fraud action and even if they are, there is no evidence or alternatively, insufficient evidence to support the jury's award.

■ Appellants argue that "lost profits" are not recoverable in an action for fraud, but the issue asked for damages to "business and credit." While there are no Texas cases which have specifically held damage to business and credit are recoverable in fraud, we hold they are recoverable under the general measure of damages for fraud. In fraud actions

[t]he end desired is actual compensation for the injury—not profit. The true

measure in every case of this kind is that rule which gives the complaining party the actual amount of his loss resulting directly and proximately from the fraud practiced upon him.

*Morriss-Buick Co. v. Pondrom,* 131 Tex. 98, 113 S.W.2d 889, 890 (1938); *see also, Wright v. Carpenter,* 579 S.W.2d 575, 578 (Tex.Civ.App.1979, writ ref'd n.r.e.); *Traylor v. Gray,* 547 S.W.2d 644, 656 (Tex.Civ. App.1977, writ ref'd n.r.e.).

■ Appellants claim that appellee's damages to his credit and business are recoverable only as exemplary damages. We disagree. "The only difference between general and special damages is that general damages are the necessary and usual result of the wrong complained of, while special damages need not be, but must be the proximate result thereof." *El Paso Development Co. v. Ravel,* 339 S.W.2d 360, 363 (Tex.Civ.App.1960, writ ref'd n.r.e.).

The Texas Supreme Court in *Mead v. Johnson Group, Inc.,* 615 S.W.2d 685 (1981) held that loss of credit is recoverable as actual damages in a suit for breach of contract. The rationale in that case is equally applicable to the present case. The Court distinguished earlier Texas wrongful attachment cases holding that loss of credit may only be considered in determining exemplary damages, since they are too remote and speculative to be considered actual damages. *Id.* at 687. The Court reasoned that the great changes in our use of credit since earlier times warrant a change in the rule and held that

actual damages for loss of credit or injury to credit reputation in an action for breach of contract may be recovered when there is evidence that loss of credit was a natural, probable, and foreseeable consequence of the defendant's breach.

*Id.* at 688.

It has been argued that the *Mead* rationale is equally applicable to fraud actions including the Federal RICO statute and the Texas Deceptive Trade Practices Act. Patton, *Civil Rico: Statutory and Implied Elements of the Treble Damage Remedy,* 14 Tex.Tech.L.Rev. 377, 418 and n. 224 (1983); Patton, *Case Law Under the Texas Deceptive Trade Practices—Consumer Protection Act,* 33 Baylor L.Rev. 533, 553 n. 113 (1981).

■ In this case, damage to Wooldridge's credit and business were the necessary and usual results of the fraudulent representations to Wooldridge that he would be repaid before his loans at Manges' bank became overdue. He obtained the loans in reliance upon the false representations made to him, and defendants' failure to comply with this promise is shown by the evidence to have caused Wooldridge's default on the loans, resulting in damage to his credit and business by the judgment taken against him by Manges' bank. Appellants' third point of error is overruled.

■ In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The evidence was clear that the Groos National Bank judgment resulted from defendants' failure to comply with the promises that induced Wooldridge to take out the loans. This judgment had to be shown on Wooldridge's financial statement and made it impossible for him to obtain credit necessary to his business. There was also testimony that specific inquiries about the bank's judgment were directed to Stanley Schultz, a business associate of Wooldridge's.

The amount of damage is also supported by sufficient evidence. Wooldridge testified generally to his losses and to one particular instance of a lost job which was worth from $192,000.00 to $288,000.00 to Wooldridge. The jury's award was well within that range.

This damage award is clearly not against the great weight and preponderance of the evidence and also meets the "no evidence" standard cited earlier in this opinion. Ap-

pellants' points of error four and five are overruled.

Appellants' sixth point of error complains of the award of exemplary damages against both Manges, individually, and Duval County Ranch Company. Appellants argue that Manges was acting for the corporation and not in his individual capacity. Manges failed to challenge his individual liability by sworn denial as required by Tex.R.Civ.P.Ann. 93(c) (1979), and thus waives any objection on this ground. *Butler v. Joseph's Wine Shop*, 633 S.W.2d 926, 929–30 (Tex.App.1982, writ ref'd n.r.e.).

Appellants argue that an officer of a corporation, while acting as such is not personally liable for tortious conduct. This is not the law in Texas. The court in *Penroc Oil Corporation v. Donahue*, 476 S.W.2d 849, 851 (Tex.Civ.App.1972, writ ref'd n.r.e.) stated that:

> It is well settled that the directors or officers of a corporation are liable for their own fraudulent acts and representations to persons injured thereby. This rule is applicable even though the individuals are acting for the benefit of the corporation and the corporation is likewise liable. [citations omitted]

Thus it was proper to submit the issues of exemplary damages separately as to each defendant. *Schutz v. Morris*, 201 S.W.2d 144, 147 (Tex.Civ.App.1947, no writ); *see also Dennis v. Dial Finance & Thrift Co.*, 401 S.W.2d 803, 805–06 (Tex.1966). Appellants' sixth point of error is overruled.

Appellants by their seventh point complain that the evidence is factually insufficient to support the award of exemplary damages against both Manges and DCRC. They argue that there is insufficient evidence to prove that Manges was individually obligated to repay DCRC's debt and that Wooldridge was looking solely to DCRC for repayment. The facts in this case are to the contrary and under the standard cited earlier in this opinion there is sufficient evidence to support the jury's finding of exemplary damages against both Manges and DCRC. Appellants' seventh point of error is overruled.

Appellants' final point of error complains that the award of exemplary damages is tantamount to a double recovery since Wooldridge was already awarded damages for his "lost profits and damages to business credit." The instruction to the jury under Special Issue 12 defined exemplary damages as an award *"in addition to* any amount which may have been found by you as actual damages." (emphasis added) Thus, the jury was clearly instructed not to include elements awarded under the actual damage issue. If the instruction for Special Issue 12 had referred to factors to be considered, and if such factors had included loss of credit as in *Wright Titus, Inc. v. Swafford*, 133 S.W.2d 287, 294 (Tex. Civ.App.1939, writ dism'd judgmt cor.), there might have been a problem of double recovery. That is not the case here. Appellants' eighth point of error is overruled.

Judgment of the trial court is affirmed.