CCI v. Komar & Masnyj 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-205-CV





COOPERATIVE COMPUTING, INC.,



 
 APPELLANT


vs.





JOE KOMAR AND PAUL MASNYJ,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-08278, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 




 Cooperative Computing, Inc. ("CCI"), appellant, sued N.I.P.Y. Enterprises, Inc.
("NIPY") and two of its officers, Paul Masnyj and Joe Komar, appellees, on various claims of
fraud, breach of contract, and violations of the Deceptive Trade Practices Act ("DTPA"), Tex.
Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1995), stemming from the failure to
deliver modular furniture components. Following a ten-day trial, the jury returned a general
verdict finding that NIPY, Masnyj, and Komar had each knowingly engaged in wrongful conduct
that caused actual damage to CCI. In addition to assessing the amount of damages, however, the
jury was also asked to allocate the damages among the three defendants. The jury allocated the
entire damage award against NIPY alone. Based on this verdict, the trial court rendered judgment
against NIPY for the full damage award; it rendered a take-nothing judgment against Masnyj and
Komar. CCI perfected a limited appeal from the judgment, raising essentially four grounds of
error: failure to render judgment against Masnyj and Komar for joint and several liability;
miscalculation of prejudgment interest; refusal to render judgment on DTPA violations; and
refusal to admit certain evidence. Finding merit in the joint-liability complaint, we will reverse
and render.


FACTUAL (1) AND PROCEDURAL BACKGROUND


 In early 1992 CCI wanted to buy sufficient modular office furniture to assemble
100 computer workstations at a new facility. NIPY was a dealer in used modular office furniture. 
NIPY's president, Paul Masnyj, and vice president, Joe Komar, expressly represented to CCI that
NIPY possessed and owned sufficient components to fabricate the needed workstations. CCI vice
president Phillip Walters flew to New York City to inspect NIPY's inventory, located in a Bronx
warehouse. At that time, Komar again represented that NIPY owned the inventory and that it was
available for sale to CCI. Based upon these representations, CCI contracted to purchase 100
workstations from NIPY's New York City inventory for $85,000 and made a deposit of $8,500. 


 In March 1992 CCI attempted to pick up the workstations from a Bronx warehouse. 
After CCI representatives arrived in New York, Komar and Masnyj confessed to CCI for the first
time that the workstation inventory Walters had inspected was not available. Apparently the
Bronx inventory never belonged to NIPY in the first place. Masnyj and Komar assured CCI that
substitute inventory of equal or better quality was available from another inventory stored at the
Pan Am hangar at JFK airport. For two weeks, CCI tried unsuccessfully to fill its order from the
airport inventory. Masnyj and Komar repeatedly claimed to be able to meet the order, and the
parties set a final deadline of March 20, 1992. After this deadline passed and it became clear that
NIPY did not have the inventory to complete the order, CCI directed its representatives to take
what they had and truck it to Austin for an accurate accounting to determine the shortage. Despite
representations from Masnyj that the order was almost complete, the shipment proved to be forty
to fifty percent short. Masnyj and Komar continued to make assurances that the balance would
be delivered. Although NIPY made five additional shipments to CCI after the original shipment,
much of what was delivered was of unacceptable quality. Ultimately, NIPY failed to supply
substantial amounts of the order. To complete the project, CCI was forced to purchase substitute
products at a cost of approximately $44,107.

 CCI then sued NIPY, Masnyj, and Komar for breach of contract, fraud, negligence,
negligent misrepresentation, and DTPA violations. CCI alleged that all three defendants were
liable for the torts and wrongdoings because Masnyj and Komar were acting as corporate agents
in the fraud, and their fraudulent acts were committed in the course of their service to NIPY. 
Alternatively, CCI alleged that Masnyj and Komar were individually liable for their own
negligence, fraud, deceptive trade practices, misrepresentations, and other wrongdoings.

 At the trial, the first question of the court's charge to the jury was simply: "Do you
find that the conduct of any of the following was wrongful?" The jury answered "yes" to NIPY,
Masnyj, and Komar. In Question 2, the jury found that CCI had suffered actual damages as a
result of the wrongful conduct of each of the three defendants. In assessing damages, however,
the court included Question 2A: "How much in actual damages, if any, should CCI recover as a
result of the wrongful conduct, if any, of each of the following." The question then listed NIPY,
Masnyj, and Komar separately, with a space for an answer beside each name. The jury answered
$43,500 as to NIPY and zero as to Masnyj and Komar. In answer to subsequent questions, the
jury found that both NIPY and Masnyj had acted knowingly, with conscious indifference, and
with gross negligence; they found Komar had acted knowingly. The jury then assessed exemplary
damages of $20,000 against NIPY, $20,000 against Masnyj, and zero against Komar. Finally,
they found attorney's fees of $68,000.

 The trial court rendered judgment on the jury's verdict for CCI against NIPY for
breach of contract, fraud, negligence, and negligent misrepresentation for $43,500 in actual
damages, prejudgment and postjudgment interest, $20,000 in exemplary damages, and $68,000
in attorney's fees. Because of the answer to Question 2A, the trial court rendered a take-nothing
judgment against Masnyj and Komar. Likewise, since no actual damages were assessed against
Masnyj, the court did not award the $20,000 exemplary damages that the jury originally assessed
against him. Finally, the court concluded that CCI had not established that the defendants
committed DTPA violations.

 CCI objected to the judgment primarily on the ground that Masnyj and Komar were
joint tort-feasors and, therefore, were jointly and severally liable for the damages found by the
jury. CCI filed a notice of limitation of appeal referencing the limited appeal to the matters
delineated in its objections to the judgment. Tex. R. App. P. 40(a)(4). CCI then filed a partial
statement of facts, consisting only of the direct examination of four witnesses. Tex. R. App. P.
53(d). Masnyj's position on appeal (2) is that CCI failed to comply with the requirements of rule
53(d) and, therefore, that this appeal, which depends on a complete record for sufficiency-of-the-evidence review, must fail.


DISCUSSION



A. Compliance with Rule 53(d)

 Rule 53(d) allows an appellant to prepare a partial statement of facts. Tex. R. App.
P. 53(d). The purpose of the rule is to reduce the length of statements of facts, thereby
minimizing the expense and delay often associated with the appellate process. Steger & Bizzell,
Inc. v. Vandewater Constr., Inc., 811 S.W.2d 687, 690 (Tex. App.Austin 1991, writ denied). 
The rule requires, however, that the appellant "shall include in his request or proposal a statement
of the points to be relied on and shall thereafter be limited to such points." Tex. R. App. P.
53(d). If this statement is filed, there is a presumption on appeal that nothing omitted from the
record is relevant to any of the specified points or to the disposition of the appeal. Id. However,
if the requirements of rule 53(d) are not complied with "it will be presumed that the omitted
portions are relevant to the disposition of the appeal." Christiansen v. Prezelski, 782 S.W.2d 842,
843 (Tex. 1990). Thus, when a reviewing court must consider the entire record in a case to
determine whether a ruling is erroneous or harmful, the court will be unable to ascertain whether
there is either error or harm without the entire record. Id.; Superior Packing, Inc. v. Worldwide
Leasing & Fin., Inc., 880 S.W.2d 67, 70 (Tex. App.Houston [14th Dist.] 1994, writ denied).

 CCI did not include in its request for a partial statement of facts a statement of the
points to be relied upon on appeal, nor did it file such a statement as required by rule 53(d). CCI
maintains that its notice of limitation of appeal under rule 40(a)(4) incorporated by reference its
objections to the trial-court judgment and that these objections provided sufficient notice and
compliance. We addressed this issue in Kwik Wash Laundries, Inc. v. McIntyre, 840 S.W.2d 739
(Tex. App.Austin 1992, no writ). After discussing the different purposes behind the rules, we
held in Kwik Wash that the general notice provided in a rule 40(a)(4) limitation of appeal was
insufficient to satisfy the narrow purpose of rule 53(d). Id. at 741. Consequently, failure to
strictly comply with rule 53(d) is fatal on appeal when our review depends upon evaluation of a
complete record. Id. at 741-42. CCI's failure to comply with the requirements of rule 53(d) and
submission of a partial statement of facts consisting of only the direct examination of four
witnesses would normally end our inquiry. (3) However, CCI's point of error concerning the joint
and several liability of Masnyj and Komar does not depend on a complete record for our review. 
Because this point can be resolved, as a matter of law, from the pleadings, jury answers, and trial-court judgment, we will review it even in the absence of a complete statement of facts. See
Segrest v. Segrest, 649 S.W.2d 610, 611 (Tex. 1983).


B. Joint and Several Liability

 CCI alleged that all three defendants, NIPY, Masnyj, and Komar, were liable for
their wrongdoings because Masnyj and Komar were acting as corporate agents in the fraud, and
their fraudulent acts were committed while in their service to NIPY. Additionally, CCI alleged
that Masnyj and Komar were individually liable for their own negligence, fraud, deceptive trade
practices, misrepresentations, and other wrongdoings. Masnyj and Komar did not raise an
affirmative defense in a verified pleading that they were not liable in the capacity in which they
were sued, as required by Texas Rule of Civil Procedure 93(2). See Butler v. Joseph's Wine
Shop, Inc., 633 S.W.2d 926, 929-30 (Tex. App.Houston [14th Dist.] 1982, writ ref'd n.r.e.). 
In fact, Masnyj and Komar admit in their own pleadings that they were acting within the scope
of their employment. In its verdict, the jury returned answers that all three defendants had
committed wrongdoing, acted knowingly, and caused actual damage to CCI. The difficulty in this
case is that the jury was improperly asked to apportion damages among the three defendants.

 When two or more persons jointly engage in a fraudulent act, they are jointly and
severally liable for any damages resulting therefrom. Crisp v. Southwest Bancshares Leasing Co.,
586 S.W.2d 610, 615 (Tex. Civ. App.Amarillo 1979, writ ref'd n.r.e.); Penroc Oil Corp. v.
Donahue, 476 S.W.2d 849, 851 (Tex. Civ. App.El Paso 1972, writ ref'd n.r.e.); see also
Century 21 Page One Realty v. Naghad, 760 S.W.2d 305, 310 (Tex. App.Texarkana 1988, no
writ). Likewise, it is well established that when a corporate official knowingly participates in a
tort, he becomes liable as a joint tort-feasor. U.S. Sporting Prods., Inc. v. Johnny Stewart Game
Calls, Inc., 865 S.W.2d 214, 221 (Tex. App.Waco 1993, writ denied); Duval County Ranch Co.
v. Wooldridge, 674 S.W.2d 332, 337 (Tex. App.Austin 1984, no writ); Penroc, 476 S.W.2d at
851; see Light v. Wilson, 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring); City of
Houston v. Aber, 770 S.W.2d 89, 90 (Tex. App.Houston [14th Dist.] 1989, no writ).

 Following these principles, Masnyj and Komar were joint tort-feasors and, as a
matter of law, were jointly and severally liable for the actual damages to CCI. The trial court
unnecessarily and improperly allowed the jury to allocate the damages among the three
defendants. Allocation of damages was a legal issue for the trial court to resolve based on the
jury's answers regarding liability and amount of damages. See Gray v. West, 608 S.W.2d 771,
780 (Tex. Civ. App.Amarillo 1980, writ ref'd n.r.e.); cf. San Antonio Pub. Serv. Co. v.
Alexander, 280 S.W. 753, 756 (Tex. Comm'n App. 1926, judgm't adopted). The jury findings
that NIPY, Masnyj, and Komar each knowingly committed wrongdoing that caused actual
damages to CCI required a judgment of joint and several liability against all three defendants. In
light of that, the portion of question 2A requesting the jury to allocate damages was immaterial
and may be ignored. See Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex.
1994) ("A question which calls for a finding beyond the province of the jury, such as a question
of law, may be deemed immaterial."). We sustain CCI's first point of error. Having sustained
this point, we do not address CCI's other points of error.


CONCLUSION


 Although CCI has neither complied with the requirements of rule 53(d) nor
submitted a complete statement of facts, CCI's complaint concerning the joint and several liability
of Masnyj and Komar is reviewable solely on the basis of the pleadings, jury answers, and final
judgment. We sustain point of error one and reverse the trial court's take-nothing judgment
against Masnyj and Komar. We render judgment that CCI recover from Masnyj and Komar,
jointly and severally, actual damages of $43,500, prejudgment and postjudgment interest, and
attorney's fees (4) of $68,000. Additionally, we render judgment that CCI recover from Masnyj
$20,000 in exemplary damages as the jury originally answered. Prejudgment interest is calculated
on the total amount of the judgment (excluding attorney's fees and exemplary damages) at a rate
of ten percent per annum compounded annually beginning on the date of suit, June 10, 1992, and
ending on June 13, 1993, the day preceding the date judgment was originally signed. (5) 
Postjudgment interest at a rate of ten percent per annum compounded annually begins on June 14,
1993, the day the original judgment was rendered, and ends on the day the judgment is satisfied.



 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and B. A. Smith

Reversed and Rendered

Filed: January 25, 1995

Do Not Publish
1.   The outcome of this appeal does not depend upon the factual background. 
Accordingly, only a brief rendition is necessary to place the controversy in context. Due
to the absence of a complete statement of facts, this factual background is gleaned
primarily from unchallenged statements in CCI's brief. See Tex. R. App. P. 74(f).
2.   Only appellee Paul Masnyj appears in this appeal. Komar, although a party to the
appeal, did not file a brief or appear at oral argument. NIPY is no longer a party to this
cause. Following the trial, NIPY filed a voluntary Chapter 11 bankruptcy petition,
effectively staying the appeal against it. On April 27, 1994, this Court severed the appeal
against Masnyj and Komar from the appeal against NIPY.
3.   Apparently recognizing that its appeal might be in jeopardy, CCI filed a motion to
supplement the statement of facts on August 26, 1994, and an amended motion to
supplement on September 6, 1994, shortly before oral argument was scheduled. These
belated motions were filed more than five months after Masnyj's brief alerted CCI to its
failure to comport with the rule 53(d) requirements. CCI has the burden to provide a
sufficient record for our review and to do so in a timely fashion. Tex. R. App. P. 50(d),
54(a). Given the combination of CCI's burden, its tactical decision to rely on a partial
statement of facts under rule 53(d), and its tardy requests to file a complete statement of
facts, we overrule these two motions.
4.   Attorney's fees are recoverable in a fraud case when: (1) there is a recovery in tort,
(2) there is a claim and finding of breach of contract, and (3) the tort arose out of that
breach. See Gill Sav. Ass'n v. Chair King, Inc., 797 S.W.2d 31, 31 (Tex. 1990); Artripe v.
Hughes, 857 S.W.2d 82, 87 (Tex. App.Corpus Christi 1993, writ denied); Schindler v.
Austwell Farmers Coop., 829 S.W.2d 283, 288 (Tex. App.Corpus Christi), aff'd as
modified, 841 S.W.2d 853 (Tex. 1992). These elements are present in this case. 
5. The calculation of prejudgment interest is hindered by CCI's failure to bring a
complete record for our review. The statutory starting date for prejudgment interest is
either the 180th day after the date the defendant receives written notice of the claim or
the day suit is filed, whichever is earlier. Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 6(a)
(West Supp. 1995). Without a complete statement of facts, however, we cannot
determine if CCI gave the defendants notice of its claims before suit was filed. Under
these circumstances, we are forced to choose the date of suit as the starting point for
prejudgment interest.